IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael Le, | ) | Civil Action No. 2:09-cv-1929-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Hoover Motors Holding Company, Inc. | ) | |
| (f/k/a Hoover Chryler Jeep, Inc.), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the defendant's motion for partial summary judgment. (Dkt. No. 40). The plaintiff has alleged claims of race discrimination pursuant to Title VII of the Civil Rights Act of 1964 (as amended) ("Title VII") and 42 U.S.C. § 1981; age discrimination under the Age Discrimination in Employment Act ("ADEA"); and breach of contract, under state law. A liberal reading of the complaint would also make it appear as though Plaintiff meant to plead claims for discriminatory discharge, other disparate treatment, hostile work environment, and retaliation, pursuant to both Title VII and the ADEA. (*See* Dkt. No. 1 at ¶¶ 18, 23, 29, 37, 43).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration. The Magistrate Judge has made a report and recommendation that Defendant's motion for partial summary judgment be granted. (Dkt. No. 50). The Plaintiff has objected. After a *de novo* review, this Court partially adopts the recommendation of the Magistrate Judge as

1

outlined herein. The motion for partial summary judgment is granted in part and denied in part.

## Background

Plaintiff, who is of Chinese-Vietnamese origin, was employed by Defendant as an automotive technician from 2002-2007. Plaintiff asserts that in the course of his employment he was verbally abused by co-workers regarding his national origin on a constant basis. Plaintiff testified he spoke to numerous persons in management about "racist statements" but they did not stop. (Dkt. 46-1 at 12-13). One co-worker of Plaintiff's who was also foreign born, Mehran Rahbar, testified "a lot of F words were involved…They told us we were nothing…You're just a Chinaman…Why don't you just quit. Pack your things and go." (Dkt. 46-3 at 3). Mr. Rahbar further testified the co-workers called Mr. Le a "F-foreigner" and "a couple of times I heard them call him Bruce Lee…". (Id. at 6). Another co-worker, James Hansen, who was the lead technician, testified he heard references to Plaintiff's national origin "a few times a week". (Dkt. 46-4 at 4). Mr. Hansen also testified that he observed Plaintiff's supervisor, Mr. Diesburg, "coming down harder on him, being more critical,…watching everything he was doing more closely." (Id. at 5).

Plaintiff offered evidence that his work performance was satisfactory or better. Mr. Rahbar testified that Plaintiff was "the neatest technician I have ever see…I don't know why they gave him such a hard time." (Dkt. 46-3 at 4). Mr. Hansen testified that Plaintiff was a "good worker" with "good quality, conscientious of his job, making sure it was clean when it was done, made sure the repair was done correctly…". (Dkt. 46-4 at 8, 9). Hansen noted that Plaintiff had some weaknesses with "electrical and driveability"

but stated the Defendant did not provide him adequate training in those areas. (Id. at 8). Plaintiff's supervisor, Mr. Diesburg, who was alleged to have participated in some of the unfair treatment of Plaintiff, testified that "he was always there on time, always showed up on time. His work was average." (Dkt. 46-2 at 3). Plaintiff was terminated from employment on December 4, 2007 after over five years of employment with Defendant.

## Discussion

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-

existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence is viewed in a light most favorable to the non-moving party. *Perini Corp. v. Perini Construction, Inc.*, 915 F.2d 121, 123 (4th Cir. 1990).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non- moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985)

At present, the defendant has moved for summary judgment on all of the plaintiff's claims for age discrimination and for breach of contract. In regards to the plaintiff's Title VII claims for race discrimination, however, the defendant only seeks judgment for the discriminatory discharge cause of action and not the hostile work environment claim. To the extent the plaintiff's Complaint, contains, and it is the plaintiff's intent to prosecute, claims for retaliation pursuant to Title VII, they have not been implicated by the present motion and the Court would not consider their sufficiency now.

### I.  Age Discrimination Claims

The defendant next contends that the plaintiff has not brought forward any evidence in support of his Age Discrimination claims, whether for discriminatory discharge, other disparate treatment, retaliation, or hostile work environment. The plaintiff has made no response to this claim in the present motion and has waived the claims. The plaintiff failed to meet his burden under Federal Rule of Civil Procedure 56 to come forward with admissible evidence in response, demonstrating the presence of issues of fact for resolution at trial.

### II.  Race Discrimination

Defendant's motion for partial summary judgment on the Title VII termination claim is based upon the argument that for Plaintiff to survive summary judgment he must establish a *prima facie* case of racial discrimination. (Dkt. 40-1 at 8). To establish the presence of a *prima facie* case, Defendant asserts that Plaintiff must demonstrate that he is a member of a protected class, suffered an adverse employment action, was performing at the level meeting his employer's expectations and the position was filled by "a similarly qualified individual outside the protected class." *See*, *Mahomes v. Potter*, 590 F. Supp. 2d 775, 781 (D.S.C. 2008). Defendant asserts that based upon the fact that Plaintiff's replacement had superior credentials to Plaintiff he cannot establish his *prima facie* case. (Id. at 9).

The Fourth Circuit has made clear, however, that a plaintiff can survive a motion for summary judgment in one of two ways. First, the plaintiff can offer "direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor such as race motivated the employer's adverse decision." *Diamond*

5

*v. Colonial Life and Accident Insurance Company*, 416 F.3d 310, 318 (4th Cir. 2005). Second, the plaintiff can use the pretext framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which includes the establishing of a *prima facie* case of employment discrimination. *Diamond v. Colonial Life and Accident Insurance Company*, 416 F.3d at 318. As the Fourth Circuit has noted, "in the event that a plaintiff has direct evidence of discrimination or simply prefers to proceed without the benefit of the burden shifting framework, she is under no obligation to make out a *prima facie* case. *Id.* at 318, n. 4.

In this situation, Plaintiff has offered sufficient evidence to survive summary judgment regarding the Title VII termination claim by utilizing the option of offering direct and circumstantial evidence of racial discrimination. Taking this evidence in the light most favorable to Plaintiff as the non-moving party, the record includes evidence that although he was allegedly performing satisfactorily, Plaintiff was subjected to unfair and discriminatory treatment, which included frequent racist statements that continued despite complaints to Defendant's managers, invitations to "pack up your things and go", and unfair and unduly critical treatment in the evaluation of his performance. A termination under such alleged circumstances raises a potential claim under Title VII.[1] Accordingly, Defendant's motion for summary judgment as to Plaintiff's Title VII discriminatory discharge claim is denied.

### III.  Breach of Contract

The defendant has also moved for dismissal of the plaintiff's claim for breach of contract. The plaintiff has made no effort in defense of this portion of the motion.

---

[1] Since Plaintiff has offered sufficient evidence to survive summary judgment with direct or circumstantial evidence of discrimination, he does not need to demonstrate the presence of a *prima facie* case under the *McDonnell Douglas* standard.

Without submission, citation, or other recourse to any policy or handbook of the defendant, either on motion or in the plaintiff's Complaint, the plaintiff baldly contends that it is some issue of fact for a jury to resolve, whether or not this purported, yet unidentified and undiscussed, handbook created a contract that the defendant somehow breached. Instead, the defendant has highlighted the language of its employee handouts, signed by the plaintiff, which unequivocally and conspicuously states that he was employed at-will and that any terms placed in writing do not constitute a contract. (Dkt. No. 47-1). Thus, the breach of contract also fails as a matter of law.

## Conclusion

Based on the above, Defendants' motion for partial summary judgment is **granted in part and denied in part**. (Dkt. No. 40).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 3, 2011
Charleston, South Carolina

7